UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ULYSSES PRYOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 2479 |
| | ) |
| CITY OF CHICAGO, a municipal | ) Judge Rebecca R. Pallmeyer |
| corporation; EDWARD McGOVERN, | ) |
| a Chicago Police Officer; and | ) |
| TODD REYKJALIN, | ) |
| a Chicago Police Officer, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ulysses Pryor alleged he was wrongfully detained and injured by two Chicago police officers, Defendants Edward McGovern and Todd Reykjalin. Despite lengthy discovery and exhaustive efforts, Pryor was never able to present admissible evidence linking either of the two officers with the incident at issue. Ultimately, the court granted summary judgment in favor of the City of Chicago and the two officers. The City's bill of costs has been pending for many months; the court apologizes for its delay in addressing Plaintiff's objections.

The City's original bill of costs sought recovery of $3,852.52 for service fees; court reporter fees; witness fees; copying expenses; and "other costs." Plaintiff objects to certain of the amounts requested, and objects to any recovery on the ground of indigence. After review of Plaintiff's objections, Defendant has reduced its claim slightly, to $3,700.52, but argues that Plaintiff's financial circumstances do not justify denying an award of costs. .

The court is free to consider a losing party's indigence in connection with a request for costs. *Rivera v. City of Chicago*, 469 F.3d 631 (7th Cir. 2006). Indigence does not automatically excuse the losing party from paying the prevailing party's costs, however, and imposing costs even on indigent litigants is appropriate in order to discourage frivolous litigation. *Id.* at 635, citing *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 733-34 (7th Cir. 1999) and *McGill v. Faulkner*, 18 F.3d

456, 460 (7th Cir. 1994).

Mr. Pryor's affidavit satisfies the court that his finances are quite limited. He earns just $1600 per month from his job as a janitor, and after expenses, has net income of just $32 per month. Defendant is correct that Plaintiff's submissions are silent on the likelihood that he will be able to pay a substantial award in the future, but no evidence relating to his education or employment history suggests that any significant change in his financial circumstances is likely, either. It is not realistic to expect that Plaintiff will be able to reimburse costs in the neighborhood of $4,000, however justified that request may be.

Nor does the court agree with Defendant's assessment of Plaintiff's good faith. There was no real dispute that Plaintiff was involved in an altercation, and it appears that police officers were involved. Plaintiff was never able to identify the officers, but his uncertainty reflects honesty, not bad faith. The circumstances surrounding Attorney Sorensen's affidavit are disturbing–but they reflect more poorly on counsel than they do on Plaintiff himself.

The court concludes, in light of his very modest income, that an award of costs should be limited to an amount that Plaintiff can, with significant effort, pay. The court awards costs in the reduced sum of $500.

ENTER:

Dated: October 11, 2013

_____
REBECCA R. PALLMEYER
United States District Judge